**IN THE CIRCUIT COURT**
**ST. CHARLES COUNTY**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

AIDA VELEZ                      )
                                )
Plaintiff,                      )
                                )   Cause No.   **1111-CV07578**
v.                              )
                                )   Division   TJ
NCO FINANCIAL SYSTEMS, INC.     )
                                )
                                )
Defendant.                      )           **FILED**
                                )
Serve at:                       )        AUG 1 8 2011
507 Prudential Road             )
Horsham, PA 19044               )           JUDY ZERR
                                            CIRCUIT CLERK
                                            ST. CHARLES CO.

## PETITION

COMES NOW, Plaintiff, Aida Velez, and for her Petition states as follows:

### INTRODUCTION

1.     This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.     This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

### JURISDICTION

3.     This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

4.     This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

### PARTIES

5.     Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

1

6.     Defendant is Pennsylvania corporation with its principal place of business located in Horsham, Pennsylvania.  The principal business purpose of Defendant is the collection of debts nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

8.     Defendant made several calls to Plaintiff's cellular phone in June and July of 2011 in the attempt to collect a debt.

9.     These phone calls were placed from Defendant's automatic telephone dialing system, as defined by 47 USC 227(a)(1), from the phone number that is registered to the Defendant.

10.    Those phone calls were made to Plaintiff's cellular phone and she was charged for those phone calls.

11.    Plaintiff never provided permission or otherwise authorized Defendant to call her cellular phone.

12.    In each call, Defendant asked Plaintiff to contact it to resolve a "business matter."

13.    Defendant failed to identify itself as a debt collector in any call.

14.    Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to increased phone bills, emotional distress, and worry.

## COUNT I: VIOLATION OF THE FDCPA

15.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

16.    In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

2

a. Using deceptive means to attempt to collect a debt, by repeatedly stating that it was calling concerning a "business matter," when Defendant was in fact seeking to collect a debt; 15 U.S.C. § 1692e(10);

b. Repeatedly failing to identify itself as a debt collector; 15 U.S.C. § 1692e;

c. Causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass any person at the called number. 15 USC 1692 (d) (5);

d. Using unfair or unconscionable means to collect or attempt to collect the alleged debt. 15 USC 1692 (f).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.


## COUNT II: VIOLATION OF THE TCPA

17. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

18. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a. By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff, causing Plaintiff to be charged for incoming calls. 47 USC 227(b) (1) (A) (iii).

3

WHEREFORE, Plaintiff respectfully requests that judgment be entered against

Defendant for:

F.    Declaratory judgment that Defendant's conduct violated the TCPA;

G.    Actual damages;

H.    Statutory damages pursuant to 47 USC (b)(3); and

I.    For such other relief as the Court may deem just and proper.


EASON & VOYTAS, LLC


JAMES W. EASON, #57112
RICK A. VOYTAS, #52046
EASON & VOYTAS, LLC
1141 South Seventh Street
St. Louis, Missouri 63104
Phone: (314) 304-9444
Fax:    (314) 667-3161

4