UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| AIDA VELEZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 4:11-cv-1620 |
| v. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AMENDED CLASS ACTION COMPLAINT

COMES NOW Plaintiff, Aida Velez, and for her Amended Class Action Complaint states as follows:

## INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer on her behalf and on behalf of the proposed nationwide class for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et. Seq.* ("FDCPA").

2. This is an action for statutory damages brought by an individual consumer on her behalf and on behalf of the proposed class for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 U.S.C. § 227 *et. seq.*

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d).

4. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227(3)(b) and because that claim is pendant to the FDCPA claim.

5. Venue is appropriate on both the FDCPA and TCPA claims because Defendant repeatedly contacted Plaintiff on her telephone located in St. Charles County, Missouri and violated the TCPA and FDCPA in that County as described herein.

1

## PARTIES

6. Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA.

7. The alleged debts Plaintiff owes relevant to this suit arise out of consumer, family, and household transactions.

8. Defendant is Pennsylvania corporation with its principal place of business located in Horsham, Pennsylvania. The principal business purpose of Defendant is the collection of debts nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 U.S.C. § 1692a (6)*.

## FACTS

10. Defendant made several calls to Plaintiff's cellular phone in June and July of 2011 in the attempt to collect two different consumer debts.

11. Upon information and belief, some of Defendant's calls pertained to a medical bill and other calls pertained to a consumer credit card bill.

12. These phone calls were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from various phone numbers registered to the Defendant including but not limited to 215-441-3000.

13. Those phone calls were made to Plaintiff's cellular phone and she was charged for those phone calls.

14. Plaintiff never provided permission or otherwise authorized Defendant to call her cellular phone.

15. In each call, Defendant left a voice message where it asked Plaintiff to contact it to resolve a "business matter" or an "important matter."

16. Defendant failed to identify itself as a debt collector in any call and failed to identify that its call was an attempt to collect a debt.

17. Defendant called Plaintiff from multiple numbers, some of which appeared as "000-000-0000" on Plaintiff's caller identification screen.

18. Defendant called from multiple numbers and unidentifiable numbers to prevent Plaintiff from knowing that she was being contacted by Defendant pertaining to her debts.

19. Plaintiff never consented to Defendant calling Plaintiffs' cellular phone.

20. Plaintiff incurred charges when Defendant called her cellular phone.

21. Upon information and belief, Defendant knew or should have known that it was dialing Plaintiff's cellular phone and knew that Plaintiff would be charged for each such call.

22. Defendant's calls to Plaintiff were disguised in such a manner that Plaintiff could not ascertain Defendant's identity and/or Defendant's status as a debt collector by looking at her caller identification screen.

## CAUSES OF ACTION AND CLASS ALLEGATIONS

23. It is Defendant's routine practice to violate 15 U.S.C. § 1692f(5) by causing charges to be made to consumers by calling consumers without their consent on the consumers' cellular phones while concealing that the purpose of the communication is for the collection of a debt.

24. It is Defendant's routine practice to violate 15 U.S.C. § 1692d(6) by leaving voice messages without a meaningful disclosure of Defendant's identity.

25. It is Defendant's routine practice to violate 15 U.S.C. § 1692e(10) and (11) by failing to adequately disclose its identity, including failing to disclose that it is a debt collector attempting to collect a debt, when leaving voice messages.

3

26. It is Defendant's routine practice to violate the TCPA by using an automatic dialer to call consumers' cellular phones without the consumers' express consent in non-emergency situations wherein the consumer is charged for the call.

27. This action is properly maintainable as a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The two-part class consists of the following persons:

   a. Part one (the "FDCPA class"): From one year prior to the filing of Plaintiff's Complaint, (i) all residents of any state to whom Defendant placed collection calls, without the consent of the consumer, to the consumer's cellular phone, wherein the consumer incurred charges; or (ii) all residents of any state who received a voice message from Defendant wherein it failed to disclose its identity; or (iii) all residents of any state who received a voice message from Defendant wherein it failed to disclose that it was attempting to collect a debt.

   b. Part two (the "TCPA class"): From one year prior to the filing of Plaintiff's Complaint, all residents of any state who received a telephone call on a cellular phone from Defendant wherein Defendant used an autodialer in a non-emergency situation without the recipient's consent and wherein the consumer incurred a charge.

28. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high volume debt collector that attempts to collect many thousands of consumer debts throughout the United States.

29. Upon information and belief, Defendant has engaged in the improper collection communications described above with hundreds of consumers.

4

30. Plaintiff is a member of the class she seeks to represent.

31. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

32. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.

33. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant.

34. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully.

35. Plaintiff is aware that settlement of a class action is subject to court approval and he will vigorously pursue the class claims throughout the course of this action.

36. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendant.  Most, if not all, the facts needed to determine damages are obtainable from the Defendant's records.  The purposes of the FDCPA and the TCPA will be best effectuated by a class action.

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.  Many, if not all, class members are unaware that claims exist against the Defendant.  There will be no unusual difficulty in the management of this action as a class action.

38. Six common questions of law and fact predominate over all individual questions in this action.  The common questions are whether: (1) Defendant is a "debt collector" pursuant

5

to the FDCPA; (2) the liabilities that Defendant has sought to collect from class members constitute "consumer debt" under the FDCPA; (3) whether Defendant caused the class members to incur charges by concealment when Defendant placed calls to the class members' cellular phones; (4) whether Defendant adequately identified itself when leaving voice messages; (5) whether Defendant disclosed that it was attempting to collect a debt in its voice messages; and (6) whether Defendant's autodialed calls were authorized by the class members for a non-emergency purpose in situations where the class members were charged for those calls.

39.  Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

40.  Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

41.  All Class members have been damaged in precisely the same fashion, by precisely the same conduct.  The loss suffered by individual Class members is calculable and ascertainable.

## COUNT I: VIOLATION OF THE FDCPA

42.  Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

43.  In its attempts to collect the alleged debts from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a.  Using deceptive means to attempt to collect a debt, by repeatedly stating that it was calling concerning a "business matter," when Defendant was in fact seeking to collect a debt;  15 U.S.C. § 1692e(10) and (11);

6

b. Repeatedly failing to identify itself as a debt collector; 15 U.S.C. § 1692e and d(5);

c. Causing a telephone to ring repeatedly with the intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5);

d. Using unfair or unconscionable means to collect or attempt to collect the alleged debt. 15 U.S.C. § 1692f.

e. Causing charges to be made to the consumer by concealing Defendant's identity and purpose for the collection call. 15 U.S.C. § 1692f(5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant and in favor of Plaintiff and the class for:

A. Judgment that Defendant violated the FDCPA ;

B. Actual damages;

C. Statutory damages, costs and attorney's fees pursuant to 15 USC 1692(k); and

D. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

44. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

45. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a. By placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff, causing Plaintiff to be charged for incoming calls. 47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff and the class respectfully request that judgment be entered against Defendant and in favor of Plaintiff and the class for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

  C.  Statutory damages pursuant to 47 U.S.C. § 227 (b)(3); and

  D.  For such other relief as the Court may deem just and proper.

          **EASON & VOYTAS, LLC**

         <u>/s/ Richard A. Voytas, Jr.</u>
         **JAMES W. EASON, #57112MO**
         **RICHARD A. VOYTAS, #52046MO**
         **EASON & VOYTAS, LLC**
         **1141 South Seventh Street**
         **St. Louis, Missouri 63104**
         **Phone: (314) 304-9444**
         **Fax: (314) 667-3161**

## **CERTIFICATE OF SERVICE**

I certify that on September 21, 2011, a copy of the foregoing was sent via email/ECF to the following counsel of record:

Edward S. Meyer
Pitzer Snodgrass, P.C.
Attorney for Defendant NCO Financial Systems, Inc.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (fax)
Email:  meyer@pspclaw.com

                                          s/ Richard A. Voytas, Jr.
                                          _____